24 25 19 Koenigsberg v. Board of Trustees of Columbia University mr. Hefner thank you your honor may it please the court this this case involves a complaint that alleges Columbia engaged in a decade-long cover-up of its true underlying objective data about the school including class size faculty makeup faculty to student student ratio and funding for students among other things each and every time Columbia submitted false information to the US News and World Report and other ranking services it engaged in an act of affirmative concealment of its true character that's not right I mean that you know that's that that is the the deceptive practice right is submitting the false data that's correct so if you submit it again you're just not admitting that you submitted the false data before you're just continuing the conduct of submitting the false data right I think that's incorrect your honor I think each and every time that Columbia submits the false data first of all the data that it's submitting each and every year is in relation to a so for example in 2019 Columbia cannot submit false information about 2020 well or more importantly vice versa how does the alleged submission of false information in say 2020 relate to the allegation of false I think it's 2018 is our application year right it's 2018 the application year the two particular plaintiffs here yes named plaintiff right your particular name plaintiffs yes so well that is we're gonna set aside the question of how we have different plaintiffs from different years but the 2020 representations made by Columbia to US News yes are they required are we supposed to read those as saying we hereby inform you of the information for the last academic year and by so doing we affirm that the information from 2018 was also true how is that an act of concealing what they told us two years earlier it's a it's it's more it's a little bit more complicated than that and that is because a university system does not change from one year to the next say if in the next year suddenly the data was very different it would give people a clue as to whether the year before was reliable that's correct your honor but I would have thought you know maybe your stronger argument was the second one which was that this is in the nature of a kind of self-concealing kind of act right because you know the New York courts have said that if you sell a sham article you know that is by its nature self-concealing and so can toll and so like if I said if I sell something that's supposed to be an authentic document and it's accompanied by a certificate of authenticity that is fraudulent or whatever that's one transaction maybe one deception but the courts would say that that is self-concealing right that's correct your honor we've made so in this case it's you know they're saying well we're the number two ranked school and you know that's I guess the deception but there's this whole architecture they did in order to achieve the ability to say that which is they submitted all of this data to sort of manipulate the way US News does the rankings that's correct your honor I I'm glad that you think that's a good argument and we have made that argument I said it was a better argument but right so then but then so then what do you do with the district courts view that well the data was public data so maybe it wasn't really self-concealing because plaintiff could have figured it out first of all it wasn't not all of the data was publicly available and enough enough to identify the alleged fraud I disagree your honor I don't think that's in the record I think that would be a factual issue that that we should have in the record that the expert alluded to public information with respect to any of them any number of items that informed the US News ranking the the professor Thaddeus who did his own independent investigation and who is a I don't think it's I know who he is now tell me why why that doesn't reveal that the information is public I know your argument is he had special insights he would have known where to look but that's true of much public information that one has to sift through or make an effort to go through it's still public information if someone were prepared to devote the time and effort to it so I'm having trouble seeing why why you're arguing that it's not public information because some of the information was not and professor Thaddeus says that in his report that will come back to my point but enough of it was to alert you to the fact that you think that there was a fraud here that our response to that is that question that you're asking is a question that should be determined but it cannot be determined now at the pleading stage the facts have to be that knowing all of the material that was public not knowing the material that was not public would have been enough to grant you a stopple and I'm suggesting that what you have to persuade us of is that the public information was not enough to get you to act maybe you wouldn't have had your whole case maybe you wouldn't have had your full claim but now it's enough not to allow you to so help me out with why that shouldn't be how we view it because the issue of a stop or equitable stopple is an issue of contextual fact it is not one that this court could make at this time as a matter of law I understand but I need you to point me to what non public fact class not sure was not known to you and therefore would have reasonably meant that you didn't act class size the class 8080 the 85% number of undergraduate class sizes that were under 20 students that was not a matter of public fact in fact Thaddeus had to go through and make certain estimates based on because he because he couldn't tell from looking at the information that's on Columbia's site that it and it is not in the record that that Columbia site that he looked at was publicly available to the entire world that is not in the record even when he went and did that he could not figure out which classes were undergraduate classes in which classes were research classes and so he had to make some assumptions and he states that directly in his opinion if he the professor who is at Columbia and has access to the inside information can't figure that out how would a student or a reason right person from Chicago right so that is they can't go into the classroom and figure they don't they aren't allowed access into the classroom and further it would be completely unreasonable remember we're dealing with a reasonable person standard here it would be completely unreasonable to have every the millions of students in the United States be say you are put on notice from here on out every single school in the country you have to go dig in to whatever data you can find to try to prove the US News and World Report an independent news organization that developed this very program to help these people out you have to prove them wrong right and if you don't you don't get to bring it right so so Thaddeus right he had to know that there was some kind of internal document called the directory of classes at Columbia that he could deduce from and then he had to find historical examples of that for prior years that's correct but then there were some categories where he didn't even know what definitions Columbia was using that's correct I still didn't know that's correct like the faculty degrees he had to access the NAEP data that Columbia submitted to the Department of Education which I guess you know you know people could a member of the public could track down but maybe wouldn't know to do so and then even then I guess he's uncertain about about the numbers technically how long does it take Columbia to figure out that they're doing it wrong like they're so that they start submitting the wrong data in 2010 and it's not until 2022 that they say oh we've been we've been using an incorrect methodology all this time I missed the question that's right my question is how long does it take Columbia to figure out that they were submitting the data wrong the allegation is that they were submitting incorrect data beginning in 2010 and it's not until 2022 that they say oh we've now figured out that actually we're using the wrong methodology to report this data right one could interpret the facts in the complaint as Columbia figured it out once professor Thaddeus blew the whistle one could also interpret the facts in the complaint as they got caught and they finally had to fess up no it's one of the two it's one of the two right and it's a merits question as to whether it's them figuring it out or not it quite frankly I don't think it matters what do we do about the reasonable person standard so the way it's been articulated sometimes it's impossible for a person of reasonable diligence to discover the fraud right you know some people say well oh it says impossible but then that would read out the reasonable diligence right it can't be the word impossible can't fit in the in the reasonable person context it's it doesn't make sense to anything is possible like your honor said the our plaintiff could have decided to quit her senior year and spent hours upon hours investigating Columbia and every other school she applied to to see if they had an internal data that could have it's not it's not literally impossible and also I mean even in cases where we know that there's something that self concealing it wouldn't be literally impossible right so if you sell a sham artifact accompanied by a certificate of authenticity like I could take it for carbon dating or something and figure out whether it actually is authentic so the question is really what is the kind of reasonable diligence you do as the counterparty to a certain transaction that's right and I wonder and I would like to remind the court this is this is an $85 application fee so it's the reasonable diligence that somebody would spend to confirm whether or not the $85 that went out the door should have gone out the door or not and I would submit that reasonable people all the time spend not very much time concerned about the $85 that doesn't mean that they shouldn't have some kind of diligence and we have alleged enough in this complaint that they did and that diligence was to continue to read the US News and World Report every year to read the ranking services every year now they weren't doing that obviously in order to ferret out whether or not their $85 had been inappropriate looking at the data they did but they were doing something looking at the underlying data might be the reasonable diligence you'd expect of somebody who's relying on the ranking of the school but you wouldn't necessarily expect them to investigate the accuracy of all of that data the same way that maybe the counterparty to a transaction wouldn't necessarily have to do carbon dating and you would especially not do that when you're when the school is transmitting the data through US News and World Report that's key here may I ask is is it your claim that your client was misled by the ranking or by the facts underlying the ranking I don't know that you can separate the two well I I think you can separate the two because it goes to whether she had knowledge of the underlying facts as I understand it sometimes with some of these rankings they publish the facts that support the ranking sometimes they don't what's your clients position on this that you relied on the fact that they were number two in the ranking or that they represented that they had a class size of a particular number it's not that that fact is not in the record so I couldn't what's your client alleging to it right now in the complaint as I understand the complaint all she's alleging is the the ranking she's that's right she the general theory of the complaint for this applies to my client and it applies to the class if a class were so certified is that many students when they're applying pick certain tranches of schools that they're going to understand that so it's the ranking that's all she's claiming now let me ask you this with respect to the GBL claim I understand how your client is relying on on the representation of US News that they rank number two number four whatever school ranks what is the basis for saying that they're relying on anything Columbia said Columbia is not saying we rank number X Columbia is providing the data that year that lets US News reach that conclusion that's correct all right so help me out with what is US News's false representation that you're relying on in suing them under the GBL we're not suing US News I'm sorry I misspoke I apologize Columbia what is Columbia's misstatement that you're relying on it's the misstatement of the data to US News but you haven't alleged that you were aware of the data that's not true we have I thought you you just told me a moment ago that you are not alleging that you rely that you saw what Columbia said about class size you saw what Columbia said about other things and that's what you were relying on you were I understood your honor to be asking and my I should have clarified your question I understood you to be asking what was the motivation for my client to apply to Columbia and it was the number two ranking how that number two ranking is determined if they're lying about what the what the factors are then she's obviously going to be concerned with that too but the ultimate issue for an 18 year old applying I don't know why it's sort of so it's clear I mean you allege that schools that are higher ranked get more applications and can charge a premium for app for application fees right so it matters to yep two ways so it matters to your client that it's the number two school I'm sure Columbia did advertise we're ranked number two in US News but even if it didn't like it's out there because of because it knows that applicants will read US News and so the my understanding as I articulated a moment ago was that the ranking was kind of like the sham artifact and all of the data inputs that led to that result was like the sham certificate of authenticity that might accompany sure that might accompany a sham artifact and that's why this looks like a self-concealing sort of transaction that's exactly what we want market your you want to sell an application to the number two ranked school and you've done through through a scheme of like developing a bunch of false data that would lead that to be the ranking that's communicated to the applicant yes and I could use another analogy that might help your honor so if your child plays you sports and you go to a particular competition like a tournament they try to line these schools or these teams up to be competitive with each other and some people want to play against the very best now some tournaments will accept the information on the record of that team from the coach just tell us what your record is and we'll try to align you right other ones might go in and look at there's websites that cover some of this for particular sports like hockey soccer etc at the end of the day if you're the other team parent you want to play against the best okay so you want to play against the team that's ranked number two in Florida you're obviously assuming that behind that is that team went 20 and 2 if they lied about that 20 and 2 record to get into your bracket to play for whatever prestige issue they want that's the that's the lie whether or not you is the child the parent or the coach know about the 20 and 2 versus 17 and 4 I don't think that matters for our complaint and it doesn't matter under the GBL because let me ask you about the elements that you need to show for the equitable estoppel argument so you made a statement a few minutes ago that your clients continued to monitor the US News rankings they read them so after they applied and they they did not go to Columbia they went to some other schools correct I don't know if they went to the same or different but they went to college yeah and you've represented here that they for whatever reason continued to monitor the rankings where is that in the record it's not so how do we rely on that I say it's not it I I don't think it's in my arm and a complaint but I would have to look and if you would like me to know I I've checked I didn't see it but what I'm asking is where do we need to get that information at this what is your obligation what is the plaintiff's obligation in asserting this argument does it have to be alleged in the complaint do we need an affidavit or is it enough that you just are saying to us here today I promise you because the elements are there has to be there has to be a misrepresentation the plaintiff has to rely on that misrepresentation and has and that reliance is the reason for the delay in the action so you have to tell me that they because you said a to deciding whether to bring a claim about their $85 so the elements of equitable estoppel misrepresentation yeah reliance on that and that the reliance caused the plaintiff to delay bringing timely action so where do I find in the record any any allegation evidence representation that that that happened here I understand the app I absolutely understand the allegations of reliance on the initial misrepresentation underlying the 2018 ranking what I'm trying to find is where in the record I can identify a claim an allegation or a piece of evidence that the plaintiffs relied on the later misrepresentations and that that reliance was why they delayed bringing action so first of all under the principles of equitable estoppel the third one is that they did not show evidence a lack of diligence which is close to to what your honor I'm quoting a case I mean it does are you and I guess I should ask now then maybe this is a diversity case right it is should we be applying federal common law or New York law for the question of tolling rules New York law okay so under New York law I'm mistaken about the that the reliance needed to cause the plaintiff to delay bringing timely action no the reliance on the misstatement does the the later misrepresentation it depends on which theory you're used so which one are you proceeding under because you don't we have both we're arguing but at least three so what are the one is it's a self-concealing action no no I understand that yeah that's one yeah so under self-concealing and that was what your honor was suggesting earlier the whole you look at the whole order of conduct I understand I'm asking you about the equitable estoppel theory this is under it that is one of the elements of equitable estoppel so it's you have to either prove that or that the that the defendant took affirmative steps later to mislead so it's we are arguing that we fit we could fit under either one of those under the second one under the affirmative steps to mislead the later years as alleged are misleading and we would allege that a it's a reasonable person standard a reasonable person would be misled by that with respect to the diligence that's needed in order to keep up on this our argument is that for an $85 application fee having I understand because general knowledge you're saying that they do not need to show that that they relied on the misrepresentation to fail to bring the claim that is not you don't need to allege that that plaintiffs relied on the later miss under either theory do you believe we do okay and it would be a fact issue that would be our response that's that's an issue of fact that the district court incorrectly dismissed to be alleged that they relied on it yes I think there's enough in the complaint for reasonable inferences that's what we need we need enough facts in the complaint for a for a trier of fact to make a reasonable inference based on those things that we can that we can satisfy that this is a notice pleading jurisdiction I understand counsel I'm guessing just confused why that sounded so complicated so the idea is you didn't sue Columbia for submitting false data to manipulate the ranking because you had didn't you thought that the US News ranking was an accurate ranking that's correct and when it turned out that it wasn't because a lot of the data that you argue is was self-concealing or hard to discover was revealed then you sued within a year that's correct and so the complaint does indicate that you didn't sue because you didn't have a reason to believe until that point that the data was inaccurate right apps it absolutely does but I think I think your honor was asking whether or not they had to also every year allege that they were relying on that information as well and that's what I was trying well I mean I guess your if your theory as you said is that there are multiple acts of concealment with the submission of the data every year it matters whether you're reading the new rankings every year to monitor that if it's a kind of self-concealing thing like a sham artifact then I guess it depends on what diligence would be expected as part of the initial transaction that's exactly right your honor let me be sure I understand some of what you've said in light of the principle of New York law that equitable estoppel does not apply where the misrepresentation or concealment underlying the estoppel claim is the same act that forms the basis of plaintiffs underlying cause of action so so help me see where you're where you've got a misrepresentation or act of concealment underlying the estoppel that's different from the act that's forming the basis of your claim I just want to make sure I understand your your point on that so there's okay so there's two theories and I want to make sure right you want to start with the concealment theory so that so the first theory that the conduct itself is self-concealing I don't know how to explain it other than to say that Columbia submitted false data well that's self-concealing your position that this principle doesn't apply if you can show that it's self-concealing or is it your position that itself you've you satisfy self-concealing and indeed you have shown or you have alleged that the act of misrepresentation or or concealment is different from the act that's the that's the basis of the fraud that yes can it can I read I'll read the case that I was referring to earlier it's in Ray nine West shoes antitrust litigation it's also in that's not New York laws it's that New York State law they're they're relying on New York State law okay Vincent be money store Veltri be building service pension fund to establish equitable tolling plaintiff must allege facts sufficient to show one the defendant took affirmative steps to conceal the act that's what we allege with respect to the initial act in 2018 they took a step to conceal the facts they took a step to conceal the fact that they had that their data was not what they purported to say it was or so this is within one issue or the conduct issue is self-concealing so I'm sorry I just got those mixed up didn't I so the so I did I'm I apologize I'm so the conducted issue is self-concealing so we're arguing in the initial case it's self-concealing and it was always self-concealing and and you're you're arguing that therefore this principle of New York law does not require you to have distinct acts if you've got a self-concealing act that's right distinct acts of affirmative steps to conceal afterwards yes and did I you to say to judge Merriman that you're deriving that principle from a case that's applying something other than New York law no oh okay your case that you're relying on is just tell me again it's it's on page the New York law case yep it's on I just want to give you it's a string side of cases on page 18 of our brief our okay I'll find it brief it's a n-ray nine West shoes antitrust litigation ADF sup 28 181 Vincent V money store 30 fee 304 FRD 446 458 Veltri V building service 3 BJ pension now let me take your alternative argument I'll tell you quickly what I thought you were arguing and you'll correct me if I'm wrong that the act that you're basing the claim on is the false statements that they made before your client applied that induced the appliance and the acts you're relying on for estoppel are the ones that came after she was rejected but she still was monitoring the US News rankings and therefore she didn't sue because she didn't have any reason to think that the rankings had changed please tell me if I've misunderstood your theory on that both okay they're separate we can we can I'm not sure that necessarily persuades I'm just want to be sure I understand your point we can convince you on either one we should that's that's okay that's all concealing thing so we've said interpreting New York law the passing off of a sham article as one that is genuine is an inherently self-concealing fraud whether what is passed off as a fake vase sold as a real antique or a collusive bid purporting to genuine competition because accomplishing those schemes require affirmative acts of concealment the plaintiffs in those cases do not need to show additional independent affirmative steps of concealment so your position at least on this theory would be you know because they put together this data in order to jigger the what you regard as a fake ranking mm-hmm that was the effect of concealment just the way somebody takes steps in advance to make sure it's not discovered or it's not obvious that the vase they're selling is a fake one that's correct okay thank you very much mr. Hefner you reserve time for rebuttal so we'll hear from you again but let's turn to the apple II miss Monahan good morning may it please the court I'm Maura Monahan from Debevoise and Plimpton on behalf of the Board of Trustees of Columbia University the Apple II here the district court decision should be affirmed because judge Gard if he did not abuse his discretion in declining to equitably told the expired statute of limitations on plaintiffs GBL claims and I'd like to start a little bit with the basics the statute of limitations on a GBL claim under well-established New York law runs from the date of injury and not the date of discovery if plaintiffs theory of self-concealment was accepted remember section 350 claims are false advertising claims that equitable tolling theory would mean that the statute of limitations for a GBL section 350 claim never runs until the defendant disavows the alleged false advertising and that's clearly not the rule it depends on whether the initial fraud was self-concealing right so like you obviously could have a false advertising claim that's not self-concealing it's like you know if you buy a car from us you get the color of your choice and then you go to buy the car and you don't get the color I mean you know there's some false advertising claims where you know what's happening right away right so you don't deny you know what I had just read which is you know New York law says cases like where you're passing off a sham article like a fake vase sold as an antique are self-concealing and they do told the statute of limitations right I agree that there are cases that can be self-concealing and told the statute of limitation and that the two areas where New York law has applied them have been the sham article or bid rigging or price fixing which is a lot of the cases that my learned friend was just citing including the Nine West case which is a Sherman Act case but the thing about those cases is you know the bid is being passed off as a genuine competitive bid when in fact it's a collusive bid the vase is being passed off as a genuine antique when in fact it's not and so here why doesn't the analogy fit pretty neatly which is Columbia is putting itself out as the second ranked school but it's not because it's you know the same way you know you'd make a competitive collusive bid look competitive or you'd put a fake certificate of authenticity with the vase they submitted false data to US News to manipulate the ranking system and they got a ranking to that was not accurate based on the normal criteria so if you look at the Vincent V money store case you'll see the court discussing when the self-concealing approach applies and the self-concealing approach has been applied in those cases which are the majority of the cases the sham article case I'm only aware of one those are applied because there is a group of people who have essentially taken an oath of omerta to cover up this in order to perpetuate it and what the Vincent versus money store case found was even though there was a scheme involving multiple participants there the court below was not abusing its discretion to deny equitable tolling here the allegation is only Columbia made a misrepresentation to a non-party not that there was some conspiracy among a group of people to make a but Columbia is a big institution right so like you know I don't know if we can decide right now that there was one person at Columbia who just picked out the data and decided to transmit it to US News or if you know Columbia drew on lots of different people with data from all around the university to submit all these different metrics your honor I don't know that that level of nicety has been discussed in the New York cases but you can't well you just said the distinction would be between one person making a misrepresentation and a bunch of people coordinating to make a misrepresentation right it is like he does allege that there is a relatively large institution that is making misrepresentations to to US News if it were pretty obvious that a lot of the numbers were inaccurate then either you'd expect there to be a whistleblower or something or there means that there's coordination internal to Columbia or it means it's really hard to figure out so internal coordination doesn't give rise to conspiracy that's a principle of antitrust law and most of these cases there have to be conspiracy there has to be affirmative acts of concealment right well that's that's the other prong that's not the self-concealing prong and in that case the affirmative acts of concealment rationale for self concealing is because the act itself you know like presenting a sham article as if it's genuine does itself involve affirmative acts of concealment and so it occurs up front with the transaction right that's the idea I understand it's not about subsequent acts of concealment it's about it being wrapped up in the correct your honor and so my suggestion was if in fact Columbia is drawing on data about metrics from all different aspects of a very large institution it does seem like it has to go to some effort to put together these data up front to manipulate the ranking in a way that won't be discovered but that's the exact same conduct that is alleged to be the basis of the GBL claim so that but that's what happens in a self-concealing case right so like the sale of the fit of the sham artifact is itself the the basis of the GBL claim but because the nature of it is self-concealing you told the statute of limitations you told the statute of limitations but then the plaintiff has to act with extraordinary diligence and this plaintiff did not so you're also misrepresentation is akin to the offering a fraudulent antique and to that extent we need to look for something more that's where you were arguing the conspiracy aspect because of the nature of conspiracy being to conceal its actions of a group right correct your honor there has to be something or else equitable tooling which is meant to be an exception would apply station you're drawing with Columbia is that it's the it's the charge single actor it acted through a number of agents perhaps but that that's different from a conspiracy is that your argument yes the self-concealing cases have relied on the fact that because there were multiple parties in the scheme at issue they were necessarily taking affirmative steps to cover them up and the plaintiff therefore wasn't under the same burden after having alleged the scheme and its participants to describe those affirmative actions well if that's the case I'm not sure that conspiracy is the real factor because even a single person can take multiple acts to conceal a fraud that's true your honor but in that case you're in the world where you have to look at whether those acts are separate from the acts giving rise to the violation they have to be targeted at the plaintiff and they have to be taken for the purpose of depriving the plaintiff of their right to sue I would point your honor to your own case Riviere versus how medical osteotics last year in which equitable tooling was held to be inappropriate because none of the allegedly fraudulent acts targeted the plaintiff that was similar because it was about a device company's registration with the FDA and after that they never withdrew the registration they didn't change the registration the label remained the same essentially it was the same but equitable tolling was not proper because the same act of misrepresentation that underlay the claim also underlay the claim for equitable tolling that's what judge Gard if he relied on and he didn't abuse his discretion in doing so well it seems to me here that the facts suggest that viewed in the light most favorable to the plaintiff now Columbia lied to us news and world report and u.s. news and world report therefore relied on that and put out an unreliable or even false ranking which Columbia induced so to that extent what's your argument that you're that you're not responsible for what u.s. news put out or what I want to be sure I did not move to dismiss this complaint on the merits we moved to dismiss it as untimely and so in what we are arguing is that this case is 50% past the statute of limitations for a GBL claim in order to meet the standard for equitable tolling there's an extraordinary showing that's required they have to show that they exercised all due diligence and were prevented in some extraordinary way from exercising their rights they didn't make that showing to the contrary it's the same allegations you can compare their allegations in their new section of the amended complaint that's supposed to support equitable tolling at paragraph 59 with the allegations in paragraph 87 which is the count one for GBL 349 and paragraph 97 for count 2 which is 350 they are identical there is not a difference in time where they're alleging one happened before 2018 and the other one happened after throughout the complaint including in the operative allegations with respect to the claim itself they're alleging a 10-year period of activity on top of that judge Gardefee was within his discretion to determine that even after the Thaddeus post had appeared they waited too long in waiting nearly a year to bring their complaint after that it is also the case I mean we take a year to resolve some cases I mean you really think that if that if they got tolling until that point if like within a year they have a class-action complaint based on you know this complex manipulation of data that's an unreasonable amount of time I think it is this was not a post that appeared in a small corner of an obscure part of the internet it was highly publicized they themselves alleged that Columbia reacted to it instantaneously and they still didn't act for nearly a year that's the kind of decision that is entrusted to the sound discretion of the district judge people have lost equitable stop all claims for a matter of days okay I get that argument but just to go back about about the self-concealing thing I know that that's not this case because we don't have this in the record but like let's say you know the plaintiffs did have access to some internal emails where you know the PR people at Columbia said to the data people at Columbia you know I've noticed that there really is no way for us news to check the data and it's really hard for people to figure out what the accurate data is so let's say we have smaller class sizes that we really do and let's say that there's more faculty with terminal degrees and whatever and we're gonna report this fate but don't tell anybody and it's pretty clear no one's gonna be able to figure that out because the data is really not available anywhere you had to contact government agencies or have access to our internal networks or whatever nobody's gonna figure it out and then we can say we're the number two ranked school if like that were the case would you still say it was not self-concealing it your honor first of all that's not what it's a what's alleged but I acknowledge that at the beginning would that not be self-concealing I don't wouldn't that look a lot like bid rigging where you're pretending something's a competitive bid when in fact it's not it might it might your honor but that's not this case this case talks about that the plaintiff itself the plaintiffs themselves have alleged that some of the data that that is professor Thaddeus relied on is publicly available their argument is just it wasn't all publicly available or that it was harder for a layperson to sift through it then it would be a student applying to college I'm saying you know the people in the know you know say they're not gonna tell anybody but they're relying on the idea that it's no one's really gonna have the incentive and it's really hard to gather the data from various sources to figure it out I still don't think that would fall within the self-concealing exception because the statute of limitations does protect important interests and finality that would give rise to a claim for misrepresentation maybe a claim for fraud plain old fraud which doesn't have which has a discovery rule so maybe that's how that would work out but that's not what this case is this case brought statutory GBL claims well outside the statute of limitations in these kinds of cases that it has to be just you know you it has to be possible to discover by a person of reasonable diligence right no it's actually a harder standard to that they have to exercise all diligence and they have to have been prevented in some extraordinary way from exercising their rights but that's a higher bar than that I think what case for that that comes from the AQC X rel Castillo case it's also referenced in it's repeatedly referenced in judge Garfield's order in a number of citations in both his orders as a matter of fact you know even in cases that are that are subject to the self-concealing doctrine like bid rigging or a sham article or so on it's not literally impossible to discover the truth right like you could do carbon dating on the artifact or you could interview you know everybody who purportedly submitted a bid right so like it's not that it's literally impossible it's that we wouldn't expect a person exercising the diligence you'd expect of a counterparty to the transaction to discover the concealment right I think it is actually a little higher than that but but what I would point out your honor is I think what we're talking about is line drawing and that that is exactly why it is consigned to the discretion of the district court judge and is reviewable on appeal only for abuse of discretion the district court weighs all those circumstances looks at all the allegations and determines whether equitable tolling applies here the district court didn't abuse its discretion and I would point out there are literally impossible it's something about diligence maybe you're saying it's not merely reasonable diligence but maybe something higher the district court did seem to think that it would have to be literally impossible and also that you would expect you know a high school student applying to college to exercise the same level of data analysis that this tenured professor of mathematics at Columbia exercised to uncover the misrepresentation right I don't think that's a fair reading of judge Gard if he's opinion he correctly cited the standard which is whether it would be impossible for a person of reasonable diligence so he he correctly used the right standard and he wasn't saying that they were required to be you know as sophisticated or capable as professor Thaddeus he said that professor Thaddeus relied on some public sources that if they really cared about they also could have looked to the plaintiffs are not just two high school students they also I can ask it this way so like so we haven't resolved the merits so and we're taking the allegations as true so let's assume that Columbia really did engage in a scheme to submit false data and obtain a false ranking what should these plaintiffs have done to uncover that and be able to bring their suit within the three-year statute of limitations I think the plaintiffs could have examined some of the public data and looked into the issues before professor Thaddeus is post there were you know podcasts and stuff talking about US News and World Report but on top of that I think what they definitely could have done is after professor Thaddeus's post came out they could have filed sooner than almost a year later and that was kind of sort of the final decision point for judge Gardefee and that is something he was entitled in his discretion to decide if the professor had never done this study or had done it 30 years later under plaintiffs theory would they be still permitted to bring a claim about the 2018 applications well that is exactly a problem I think with plaintiffs claim because under their theory there's a rolling tolling for for a class action right because they're saying that because they applied in 2018 any subsequent actions by Columbia told the statute of limitations but that would incentivize counsel if they could find them to come up with a 2010 plaintiff because that's when they say this started and then they would turn a three-year statute of limitations without a discovery rule into a 13-year statute of limitations it just proves too much and extends it too far that's why it's within the courts discretion so if it if it if this case fell into one of the recognized categories that you even accept would be self-concealing like the bid rigging or the sham article like you'd have the same result right like it could be I mean it might be that there aren't any damages it's been too long I don't know like there are other reasons why you might not entertain a claim so far after the fact but the statute of limitations wouldn't be the reason I'm not aware of a case where the self-concealing issue where where there's been a reversal to require them to as I said even Vincent versus the money store affirmed the judge's exercise of his discretion to decline to equitably toll but yes I mean it's eating that self self that this is a thank you for that but but I do think that what we're talking about in this debate that we're having it does underscore that it is a line drawing all of the circumstances type situation that is precisely why it is a be reviewed for abuse of discretion so what's so what's the line so like let's say you know my hypotheticals about sham article that's accompanied by a certificate of authenticity that says this is an ancient artifact and it's not and New that purports to be competitive but it's not and they give background about the bidding process that didn't happen those are self-concealing and so if to my mind this looks a lot like that because Columbia is advertising or claiming a certain ranking but that's based on a bunch of fake data being submitted to the US news process to manipulate it it looks pretty similar so what's the line between the recognized cases in this case I think in those cases the court would act within its discretion if it wanted to give equitable tolling and even in those cases the court would have to decide how long after the lapse of the event that gave rise to the fact that's a separate question though like 11 months after there but like on the front end right so so why doesn't this case look a lot like the recognized self-concealing cases well in those cases I think that the activity was directed to the plaintiff in a very specific way so for example these plaintiffs sites and even though some cusky is is a case in which there was not totally but in that case the surgeon who performed the surgery on the plaintiff told the plaintiff that the nerve damage she was complaining of in her face was not due to the surgery but would be resolved by PT so you had this very direct communication so that was designed to scourge to you said for like the sham article cases you would say okay if you're trying to trick a particular counterparty into believing that this is a genuine article then the self-concealing doctrine would apply but if you advertise it on eBay to all correctable buyers it would not apply even if you do the exact same thing I think so the counterparty relied on it correct because the degree of reliance and the reasonableness of the reliance when you're being specifically told as the plaintiff remember this is about whether you're prevented in some extraordinary way from exercising your rights if you're talking about a statement to the world that sort of looks like your garden variety 349 350 false advertising case if you're talking about saying to and it looks like the FDA case that judge Raji decided but if you're saying to this plaintiff no this is fine or you're handing this consumer a certificate of authenticity and being like this is the Shakespeare for I guess if that's the argument and it actually doesn't really matter how hard it was to discover the true data because your argument is this wasn't a communication to any particular counterparty it was just a communication to the world that's true your honor yes your position on this self-concealing is your view that there has to be a means of concealment that's different from the harm that then ensues that I think so your honor I when our court spoke in Osberg versus Footlocker about misstatements of a fact a fact to effectuate a breach of fiduciary duty the there was both the breach of the fiduciary duty and then there was the misstatement of fact to conceal that there had been that breach so that's what I'm trying to figure out are you suggesting that there has to be something about the concealment that's distinct from the breach of duty correct I think that there was a little bit of a false premise that got injected here which was that if you were looking at the self-concealment you didn't have to show that that self-concealment was separate or was in somehow independent or distinct in any way from the underlying conduct that gives rise to the claim I don't think the self-concealment reaches that far I think it looks at what was the nature of it and what was the concealment so for example in the bid rating rigging price fixing cases it's a little bit of a tongue twister the it's the conduct by all the other participants that they are helping to cover up the false bid because they're all going to benefit from this price fixing scheme it's not that the person who made the false bid and stands by the false bid and continues to participate in the highway construction procurement process is is doing the same thing there's something separate and apart that tolls the statute of limitations even in those self-concealing cases because it's a it's the certificate it's there's an extra step that has to be involved otherwise it's that might be right it seems like the courts talk about it sometimes as like one act that's inherently self-concealing and so it's not really a separate act or sometimes you could separate it out by saying well that act requires affirmative acts of concealment but even if I had to separate it out you know here it would be you know whereas you're submitting a bid that purports to be competitive but it's not and you back it up with a bunch of like some records of a bid process that you reportedly conducted I mean that could be like claiming a second-place ranking but supported by all of this fake data that was submitted to US News so like if they had to separate it out they could they could hear I don't think they could your honor I think what we keep hearing when they're talking and we see in their briefs is that they keep circling back to the same thing that it's all the same thing that Columbia made statements to US News and World Report that they contend were not correct we're not in keeping with the actual data that's the data that Thaddeus relied upon much of the same thing I mean okay you're selling me a sham article okay you you it was accompanied by a certificate of authenticity but that was really part of the sale of the sham article that wasn't a separate thing I mean I don't know that's just seems like it's kind of semantics right the idea is whether this overall transaction involved a kind of concealment that was hard for the counterparty to under that was not possible for a counterparty exercising reasonable diligence to discover I think that if you took that view then self-concealment would become kind of one of my partners likes to say the tomato that ate Cleveland because self-concealment would swallow up the GBL the GBL requires that you allege that there is this concealment deceptive element and almost anyone would be able to get around the statute of limitations and the statute of limitations exists for a reason these claims are common and the three-year statute of limitations without resort to a discovery rule is the way that the Court of Appeals of New York has balanced that the wide availability of this cause of action with keeping it to a certain time period okay thank you very much Monahan we'll hear back from mr. Hefner on rebuttal just a few things first of all the procedural posture of this case is we're appealing a denial of a leave to amend the complaint solely on the basis of futility the Second Circuit is clear that this is a de novo review it is not abuse of discretion in fact the case is cited by my colleague regarding this issue they all came up where the judge was already making was making factual determinations in an equitable tolling context we didn't have that here this is a case that was decided on the pleadings this case is not de novo in fact my colleague referred to why it to be done because judge Gardefee had to have the freedom to do this legal line drawing with respect to when equitable tolling apply and when it would not legal line drawing is reviewed de novo and the judge even if it were abuse of a discretion applied the wrong standard on with the impossibility he applied an actual impossibility standard as I believe my colleague was just arguing for. May I just be sure I understand your view on that I would think even at this point in the litigation in reviewing an equitable tolling decision we review the legal premises for the conclusion de novo but the factual basis for clear error as long as the district court was accepting the facts alleged in your complaint and not resolving any factual disputes why wouldn't it still be ultimately a decision for abuse of discretion. It's my understanding that under appellate procedure that this court I'm sorry I didn't hear you it's my understanding that this court would review any legal determinations that the district court made on it. To the extent you would argue that the district court misapplied legal principles or identified the wrong legal principles I completely understand why you would argue that but if the court was if the court identified the correct legal principles and then weighed the facts as you've alleged them in your complaint why isn't the ultimate standard of review abuse of discretion. I don't think the judge weighed facts in the complaint. Well it was looking at what facts you knew or could have known based on what was alleged in your complaint what what what do you think is the factual error committed by the judge that would warrant de novo review again I'm not disagreeing with you I'm just making sure I understand your argument. I think the judge made legal mistakes. And the legal mistakes are? Applying the wrong standard. Okay so that's the that's what you want us to view de novo. That is correct your honor. And the wrong standard you think is because the district court thought that it had to be literally impossible. That's correct. As opposed to not possible for somebody exercising reasonable diligence. That's correct. You'd expect of a counterparty to this type of case. And I would note that in the case law it's it would take a law review article to explain but I would note in the case law that it is impossible is not used everywhere and typically it is used by courts as a it's it's an outcome dispositive statement when they want to rule against because there are many other factors involved. They do not the the decision cited by the defendants do not apply a an actual impossibility standard. So that's because even in the recognized cases of self-concealment like it's not literally impossible. It would swallow up the entire equitable tolling. Can I ask about the the point that Ms. Monaghan made which is you know she said that in these self-concealing cases it has to be some kind of concealment directed to a specific counterparty and if you're making concealing kind of misrepresentations to the public at large that should not toll the statute of limitations. It's only about frustrating a particular person's ability to sue. What about that? Unsupported by any case law. That's the first response. Second response is essentially what that would do is that would set up a situation where if your lie is big enough and to enough people you skate. If it's just the one person will hold you accountable. That makes no sense from a matter of public policy. The third issue is it's not true that Columbia just disseminated this information to U.S. News and World Report and had no intention for anyone to ever see it rely upon it or be confused by it. The entire reason the college is participating in this process is to get that ranking. They had an intention for people to see it but oh they have not not your specific clients just like general universe of applicants to colleges right? Yes the millions of people who want to decide where they want to apply to college that's who they targeted and that those were my clients. I mean so I take your point that there isn't a case that says it has to be concealment directed to a particular counterparty you know but Miss Monaghan says all the cases where this doctrine applies that is in fact what's happening. Are there cases where we have acts of concealment or a self-concealing act that is directed generally to the public where the doctrine applies? Yeah the price-fixing cases antitrust cases that's exactly what they do. They don't go out and advertise the companies don't chicken producers or whoever don't go out to the world and advertise we're not price-fixing that's not what happens. They have a price that goes out that they hope people rely on and then they pay it and they reap the benefit. In fact and that's another issue there is no case in New York state law or federal law that says that the self-concealing doctrine is only limited to antitrust cases or only limited to cases in which multiple parties get to get together to form a conspiracy. That is not a principle of New York law. It's there has been no case cited and I do not think a case exists that says that anywhere in the country. I want to follow up with you on your assertion a moment ago that the legal error here was that the district court thought it had to find that it would have been impossible for a reasonably prudent person to learn about the cause of action. That was a quote that the court stated citing our decision in Pearl V. City of Long Beach and so you're not asserting that that that was a misapplication of law given the pronouncement by this court are you? He took it I'm arguing that he took it too far that he essentially he applied the standard as a as a actual logical possibility. Where do you see that? Because what the judge then goes on to say is the use of the term impossible in the Second Circuit's precedent reflects the fact and here it's quoting a district court case equitable tolling will not be invoked unless plaintiffs were prevented in some extraordinary way from exercising their rights and it then says Columbia's alleged misrepresentation of publicly available data to US News did not constitute such an exceptional circumstance. So what it's looking for in applying the Pearl V. City of Long Beach impossibility principle is that a showing that your client was prevented by extraordinary circumstances and it says Columbia's misrepresentation of publicly available data I mean nobody's applauding that but that's not an extraordinary circumstance. So what in that reasoning by the district court manifests legal error? Again I just want to be sure I understand this. So first of all what you've cited manifests two things. It reflects legal error and it reflects factual error. It is not true that everything that we've complained about in our complaint was publicly available. That is not what the complaint says. It is not what we've alleged. That goes to whether there was enough available for you to go forward. That also goes to his making a factual mistake that's not entitled to abusive discretion. Well he doesn't say all of the facts were known to you. He doesn't say that. He says that there was publicly available information but no matter. We started down this road you and I because I was asking you how you argued that this was pure de novo review and not abuse of discretion and you said well there are legal errors here and I think in response to Judge Menasche you said the legal error was assuming that it had to be impossible for someone to bring this lawsuit and I'm just asking you what the basis for that conclusion is given the district court's language that I just read to you. So that's the only thing I want to flesh out. We've kept you way past your time and I just want to be sure I understand the argument about legal error warranting only de novo review of on this appeal. The finding by the district court that the plaintiffs were not entitled to equitable tolling because it found that the plaintiffs it was not impossible for the plaintiffs to discover this issue before the statute of limitations ran. But it was that you weren't prevented in some extraordinary way. And we disagree. How is that correct and misapplication of the law? It's a misapplication of the law because the everything that we've alleged the entire factual situation in our complaint that we've alleged based on what Columbia did. The fact that it went through US News and World Report to do it. The fact that it was sent out to millions of people. The fact that it took at the end of the day a tenured math professor, Professor Thaddeus, at an institution that honored Einstein Oppenheimer and and everyone else. It took him to find it. All of that, that's extraordinary. That's our argument. Thank you. Can I ask just before you sit down about the unjust enrichment claim? So there's a lot of debate about whether it's duplicative and whether you're requesting the right the right damages for it. But you know, unjust enrichment, like you're arguing unjust enrichment in the alternative, right? If you can't assert a general business law claim, right? Both. Oh, you think you could recover on both? At the end of the day we'd have to make a decision, yes. So in that sense, yes, it is obviously in the alternative. We can't double-recover. So the function of unjust enrichment is when you can't, it's not within a recognized tort or contract claim or other claim, there might be an equitable duty that's breached, right? That's correct. And we haven't had a determination from the court yet on the merits of the GBL claims, right? That's correct. So like, I mean, if the district court decided for some reason, you know, this wasn't an act in commerce or in business or it didn't fit, that's when you would rely on the unjust enrichment claim, right? That is what we argued and I did just two points. One, the unjust enrichment claim is not covered by the statute. It does not require equitable tolling. We filed that within whatever the statute of limitations for unjust enrichment. Two, it's clear that we allege different damage theories. It's in the complaint, in the amended complaint. We did it in response to his opinion, directly in response. I guess my question is if it's in the alternative and it's only there in case there's some reason why, you know, this conduct that you think is culpable doesn't meet the elements of a GBL claim, does it really need to allege different damages? We argued that it did not. The district court disagreed. Okay. So we, in our amended complaint, fixed that. Clear as day. Paragraph 111, compare paragraph 111 to 94 and 104 in our amended complaint. There's no reason that the court should have written in his opinion that we didn't change it and that they were duplicative. It was just a clear miss by him. Okay, thank you very much Mr. Heffner. The case is submitted.